UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RICHARD DE GAETANO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 08-294-B-W |
| | ) | |
| | ) | |
| JOHN J. LAPINSKI and | ) | |
| LINDA S. LAPINSKI, | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

In this action Richard De Gaetano seeks to recover the unpaid balance, late fees, interest, and contractual attorneys' fees and costs owed to him by the defendants pursuant to a promissory note. De Gaetano has moved for summary judgment and the defendants, who, although previously represented by counsel, currently appear in the action pro se, have failed to file a written response to the motion even though I previously cautioned them in writing that their failure to respond to motions could ultimately result in judgment being entered against them. (See Doc. No. 31.) I now recommend that the court grant De Gaetano's motion (Doc. No. 33).

*DISCUSSION*

**A. Summary Judgment Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). See United States v. Union Bank For Sav. & Inv. (Jordan), 487 F.3d 8, 17 (1st Cir.

2007) (citing Federal Rule of Civil Procedure 56(c)).  I draw all reasonable inferences in favor of the Lapinskis.

The Lapinskis have not presented any evidence in defense of the motion for summary judgment.  However, this court,

> may not automatically grant a motion for summary judgment simply because the opposing party failed to comply with a local rule requiring a response within a certain number of days.  Rather, the court must determine whether summary judgment is "appropriate," which means that it must assure itself that the moving party's submission shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Advisory Committee Note to Rule 56 ("Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.").

NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 -8 (1st Cir. 2002).

**B.  Undisputed Material Facts**

### Statement of Fact

In or about July 2004, De Gaetano agreed to loan $150,000 to the Lapinskis with interest on the outstanding balance of six percent *per annum*.  (SMF ¶ 1.)  The Lapinskis executed and delivered to De Gaetano the Note in the amount of $150,000 on November 1, 2004.  (Id. ¶ 2.)  Under the Note, the Lapinskis agreed to repay De Gaetano $150,000, at a fixed rate of six percent *per annum,* in equal amortized monthly installments of $900, with the first payment due on August 1, 2004.  (Id. ¶ 3.)  Each additional payment was due on the first day of the next following month.  (Id. ¶ 6.)

The Note contains the following late fee provision: "Payments not made within five (5) days of the due date shall be subject to a late charge of 5% of said payment."  (Id. ¶ 8.)  The Note also contains the following acceleration clause: "This note shall at the option of the holder hereof be immediately due and payable upon the failure to make any payment due hereunder within 15 days of its due date." (Id. ¶ 9.)  The Note also provides

for the payment of attorneys' fees and collection costs in the event of default: "In the event this note shall be in default, and placed with an attorney for collection, then the undersigned agree to pay all reasonable attorneys' fees and costs of collection." (Id. ¶ 10.)

The Lapinskis failed to make timely payments beginning on March 1, 2008. (Id. ¶ 12.) In response to a letter from De Gaetano's Florida attorney, the Lapinskis made a payment of $2,000 on or about July 19, 2008, which was applied to principal, but have made no additional payments since that time. (Id. ¶ 14.)

Although not required under the Note, on August 12, 2008, De Gaetano, through his Maine counsel engaged to collect on the Note, notified the Lapinskis that their failure to make timely payments had put them in default under the Note. (Id. ¶ 15.) In addition, De Gaetano exercised his option to accelerate the Note and demanded payment of the entire amount then due of $147,967.08 including collection costs of $500. (Id. ¶ 16.) Although not required under the Note, on August 28, 2008, De Gaetano, through his Maine counsel, notified the Lapinskis that their additional failure to make their August 1, 2008, payment by August 15, 2008, constituted a further default under the Note, and a further basis for acceleration of the Note. (Id. ¶ 17.)

The Lapinskis have failed to make any further payments under the Note, have failed to pay late fees and additional interest, and have failed to pay any attorneys' fees or costs incurred by the plaintiff, all now due under the Note. (Id. ¶ 18.) As of September

8, 2008, the date the complaint was filed, the total amount due under the Note, exclusive of attorneys' fees and collection costs was $146,397.63. (Id. ¶ 19.) As of the March 23, 2009, the total amount due pursuant to the Note, including accrued interest and an additional late fee is $153,165.03, exclusive of attorneys' fees and collection costs. (Id. ¶ 20.) Interest continues to accumulate on the unpaid amounts due at a rate of six per cent *per annum*, or $25.27 *per diem.* (Id. ¶ 21.)

As part of this litigation, on January 9, 2009, De Gaetano properly served discovery on the Lapinskis, including the Plaintiff's Request for Admissions. (Id. ¶ 22.) As of the date of this filing, the Lapinskis have failed to object, answer or otherwise respond to De Gaetano's Request for Admissions. (Id. ¶ 23.) Pursuant to Federal Rule of Civil Procedure 35(a)(3), the statements contained therein are deemed admitted. Thus, the Lapinskis have admitted, in addition to the admissions contained in their answer, among other things, that the Note is a valid contract, that they breached the terms of the Note, that they failed to make any payments since the filing of the complaint, and that they are obligated to pay late fees, attorneys' fees and costs. (Id. ¶¶ 4, 5, 8, 11, 13, 18, 22, 23.)

**C.  The Undisputed Evidence Conclusively Establishes the Defendants' Breach of the Promissory Note**

A promissory note is a contract to which basic principles of contract law apply. QAD Investors, Inc. v. Kelly, 2001 ME 116, ¶ 13, 776 A.2d 1244, 1248. In this case the undisputed facts establish that there was a promissory note in the principal amount of $150,000, bearing interest at the rate of 6% per annum, duly executed by the parties.

(See Gaetano Aff. Ex. A, Doc. 35-2.) The defendants have failed to make scheduled payments pursuant to that note, and the plaintiff has demanded payment of the entire amount due pursuant to the acceleration clause in the note. The defendants have made no further payments and they have thus breached their contract. The note itself provides for the collection of attorney fees and costs as well as a late charge of 5%. Thus the defendants are in default and the plaintiff is entitled to judgment as a matter of law.

## Conclusion

Based upon the foregoing, I recommend that judgment be entered for the plaintiff in the amount of $153,165.03, plus post-judgment interest, attorney fees, and costs.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 16, 2009