UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RICHARD DE GAETANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08-cv-00294-JAW |
| | ) | |
| JOHN J. LAPINSKI and | ) | |
| LINDA S. LAPINSKI, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DIGGA DOWN EAST, LLC, | ) | |
| | ) | |
| Trustee. | ) | |

## FINDINGS OF FACT AND ORDER
## REGARDING TURNOVER OF TRUSTEE ASSETS[1]

John Lapinski, registered agent and sole member of Digga Down East, LLC appeared before me for disclosure hearing. Lapinski's appearance before the court was pursuant to a civil order of arrest issued by me on May 4, 2011, and executed by the United States Marshall's deputy on today's date. The civil order of arrest issued after Lapinski failed to appear for an earlier disclosure hearing and the judgment creditor provided proof that he had received notice of the time and place of the hearing. By order dated November 18, 2009, Chief Judge Woodcock of this court entered judgment and execution against Trustee Digga Down East, LLC in accordance with 14 M.R.S.A. § 2618 after Digga Down East, LLC had been previously defaulted in accordance with 14 M.R.S.A. § 2614. (See Doc. No. 52.)

---

[1] I can find no direct authority on the extent of magistrate judge authority in the context of a post-judgment disclosure hearing, other than the general provision authorizing referral of "other matters" to the magistrate judge found at 28 U.S.C. § 636 (b)(3). Certainly the recent practice in this District has been for the magistrate judge to conduct post-judgment disclosure hearings and treat those hearings as non-dispositive matters. See, e.g. Doe v. Manson, __ F.Supp. 2d __, 2011 WL 768054 (D. Me. 2011) (Mem. Dec. and Order, Rich, Mag. J.)

As a result of the disclosure hearing held before me I find that there was undisputed evidence establishing that Digga Down East, LLC owns two parcels of real estate in Jonesport, Maine, valued at $65,535.00 and $6,355.00. It was also established that Digga Down East owns personal property valued at $5,000.00. Since judgment has already entered against Digga Down East, the non-exempt property is available to the judgment creditor for partial satisfaction of the outstanding judgment against it. The judgment creditor has requested a turn-over order for these assets and I now grant his request. The judgment creditor's judgment will be reduced by $76,890.00 and the real and personal property will be turned over to the judgment creditor in partial satisfaction of the $168,249.13 execution previously issued by the clerk. (Doc. No. 56.) I have separately signed an order for the turn-over of the items described at the hearing by Mr. Lapinski, acknowledging in that Order the representations made on the record that the judgment creditor had previously collected $10,907.66 on this judgment and that interest of $779.80 had accrued as of May 18, 2011, resulting in a remaining balance on the judgment of $158,121.27, which will be reduced to $81,231.27 once these assets have been turned over to the judgment creditor.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

May 18, 2011              /s/ Margaret J. Kravchuk
                          U.S. Magistrate Judge