UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICHARD DE GAETANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:08-cv-00294-JAW |
| | ) |
| JOHN J. LAPINSKI, et al., | ) |
| | ) |
| Defendants | ) |
| | ) |
| and | ) |
| | ) |
| DIGGA DOWNEAST, LLC | ) |
| | ) |
| Trustee | |

**RECOMMENDED DECISION**

Judgment creditor, Richard De Gaetano, has filed an Emergency Motion for Contempt and Other Relief. (Doc. No. 84). I ordered a shortened response period. Judgment debtor Trustee Digga Downeast, LLC, was duly notified of the hearing by service in hand upon John Lapinski, registered agent of Digga Downeast, on June 1, 2011, and failed to appear on today's date. (Doc. No. 88.) At the hearing, counsel for De Gateano informed me that he specifically requested relief under Rule 70(b) of the Federal Rules of Civil Procedure and submitted a proposed judgment in the form attached to this recommended decision. In the event the Court enters judgment vesting title, De Gaetano will also request a writ of execution from the clerk pursuant to Rule 70(d).

Because the relief requested involves the entry of judgment vesting title, my authority as a magistrate judge under 28 U.S.C. § 636(b)(3) would necessarily be limited to issuing a recommended decision. Exercising my § 636(b)(3) non-dispositive authority, I previously ordered Digga Downeast, through its sole shareholder, John Lapinski, to turn over the real and

personal property at issue. (Doc. Nos. 82 & 83.) Lapinski has not complied with that order. Nor has he entered an appeal from that order to the District Judge.

In my opinion, the application of Rule 70 in this instance is warranted based on Lapinski's failure to respond to this court's prior orders. See, e.g., Matter of Texas Extrusion Corp., 844 F.2d 1142, 1153 (5th Cir. 1988) (approving dismissal of an individual's lawsuit on attorney's signature under Rule 70, where party failed to appear to sign necessary documents); Buzzell v. Edward H. Everett Co., 180 F. Supp. 893, 901-903 (D. Vt. 1960) (issuing a judgment decree pursuant to Rule 70 vesting title to real estate in plaintiff where defendant refused to issue a deed); Dempsey v. Wilhorn, No. 98-WM-2222, 1999 U.S. Dist. Lexis 7237 (D. Colo. Apr. 28, 1999) (final judgment including divestiture and conveyance of interest in mobile home); Beck v. Transportes, No. 82-2489, 1986 U.S. Dist. Lexis 17006, 1986 WL 13841 (E.D. Penn. Dec. 3, 1986) (special relief to enforce a judgment by writ of attachment).

The Court previously entered judgment against the Trustee, Digga Down East, LLC. (Doc. No. 52.) Subsequent steps taken by the magistrate judge attempted to enforce that judgment by obtaining Lapinski's signature on a deed. The judgment creditor is now seeking entry of an order under Rule 70 to enforce the judgment by passing title to real estate pursuant to court order. I recommend that the court grant the motion and enter judgment in accordance with the proposed order attached hereto.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

June 6, 2011